Filed 1/8/25  P. v. Garcia CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO XAVIER GARCIA,<br><br>    Defendant and Appellant. | A166695<br><br>(Contra Costa County<br>Super. Ct. No. 01001977750) |

Francisco Xavier Garcia is serving a two-year prison sentence after a jury convicted him of meeting a minor under the age of 18 for lewd purposes, in violation of Penal Code section 288.4, subdivision (b).[1]  Garcia contends the trial court erred by refusing to instruct the jury as to mistake of fact under CALCRIM No. 3406.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2021, an agent with the task force on Internet Crimes Against Children (ICAC), who was posing as a minor female named Belle on a dating website, began chatting with Garcia.  After further conversation, Garcia arranged to meet "Belle" in person for sex.  Garcia arrived at the

---

[1] All further statutory references are to the Penal Code.

planned meeting spot with a bottle of lubricant and was arrested by an ICAC agent.

In 2022, an amended information was filed charging Garcia with attempted lewd act upon a child under the age of 14 (§§ 288, subd. (a), 664); meeting a minor under the age of 18 for lewd purposes (§ 288.4, subd. (b)); and contact with a minor for a sexual offense (§ 288.3, subd. (a)).

A jury trial took place in September 2022. Garcia was convicted of meeting a minor under the age of 18 for lewd purposes, in violation of section 288.4, subdivision (b). A mistrial was declared as to the remaining charges.

The following evidence was proffered that is relevant to this appeal. Unless otherwise noted, all dates refer to 2021.

*Prosecution Case*

An ICAC operation was set up to identify individuals on social media applications looking to meet children to engage in sex. As part of the operation, undercover officers created profiles on various social media platforms and posed as minors.

On December 6, an undercover ICAC agent, Benjamin Burnheimer, created a profile on a social networking and dating application called Skout under the name "Belle" with a photo of a young looking female. The date of birth on the profile showed Belle to be 18 years old, which was the minimum age to use Skout. That same day, Garcia sent Belle a chat request via his Skout profile, which showed his age as 27.

On December 8 at 2:40 p.m., Agent Burnheimer (as Belle) accepted Garcia's chat request and the two began chatting. The following messages were exchanged within minutes:

Belle:     "how old are u"

Garcia:     "Yeaa youre like really pretty"

|          |                                          |
|----------|------------------------------------------|
|          | "Im 44"                                  |
|          | "But in dog years im 11"                 |
| Belle:   | "oh i think im too young"                |
|          | "im not actually 18"                     |
|          | "sry"                                    |
| Garcia:  | "I was joking bout the 44"               |
|          | "And so wait how old u actually"         |
|          | "Your 16?"                               |
| Belle:   | "im almost 14"                           |
|          | "but thnks"                              |
| Garcia:  | "Lol so why r u here cutie" [sic]        |

After continued conversation, Garcia suggested they meet. Belle responded that she would have to sneak away from her parents. Garcia replied: "Lol okay" and "Tell me when and we go be bad." Belle then stated that she was a virgin. Garcia replied he would be "nice" with her. Belle said she could sneak away from home or tell her parents she was going to a friend's house.

Garcia and Belle continued to talk about details of having sex, including whether Garcia would use a condom and that Belle was worried about sex being painful. In response to her concern, Garcia said he would bring lube—Belle asked what lube looked like, to which Garcia replied it was a clear oil.

Garcia asked if Belle had Snapchat (a messaging application), but Belle said her parents would not let her. She also said she did not have Instagram or TikTok, and "luckily" her parents did not know what Skout was. Garcia stated he wanted to "fuck" and when they discussed meeting, Belle told

Garcia she had to be home before 9:00 p.m. because her mom would not let her stay out late.

Just after 3:00 p.m.—less than half an hour after they began messaging on Skout—Garcia and Belle switched to sending cell phone text messages. They discussed plans to meet in person around 4:00 p.m. at a nearby marina. Garcia said he was dressed in red and black and driving a black four-door car. At 4:02 p.m., Garcia texted Belle that he was by the warehouses.

Around 4:00 p.m., another ICAC agent who was assigned to surveillance and arrests of suspects was at the marina; the agent had been given photos of Garcia and was told Garcia would be bringing lube. The agent saw Garcia get out the car and walk around. The agent contacted Garcia and found a container of lube in his car. Garcia was arrested.

Separate from the above messages with Belle, a forensic download of Garcia's cell phone showed conversations between Garcia and three other people that appeared to be conversations with minors.[2] The trial court allowed these other messages to be admitted into evidence as they could be viewed as "grooming" minors, which was relevant to whether Garcia had the intent required for meeting a minor for lewd purposes. The jury instructions stated the jury could consider the evidence of these conversations for the limited purpose of deciding whether Garcia acted with the intent of having an unnatural or abnormal sexual interest in minors.

---

[2] In one ongoing conversation that took place in 2020 and 2021, Garcia complimented the physical appearance of someone who made multiple references to being at a high school. In a second conversation that took place in 2021, Garcia sent text messages that were sexual in nature with a girl who said she was 15 years old. In a third conversation that took place in 2021, Garcia conversed with someone who referenced being in middle school, after which Garcia mentioned wanting to meet her.

*Defense Case*

Garcia did not testify at trial. The defense case centered on whether the prosecution failed to prove Garcia believed that Belle was under the age of 18. Defense counsel argued that the minimum age to use Skout was 18 and Belle's profile indicated she was 18 years old. Also, before Belle discussed her age, Garcia "joked about his age" by saying he was " '4[4], but 11 in dog years.' " Defense counsel suggested when Belle said she was " 'not yet 18, almost 14,' " Garcia did not know "if she's joking, he doesn't know if she's saying things in jest or role-playing." Counsel contended that Belle could be 18 and still be a virgin and live at home.

*Trial Court Refused CALCRIM No. 3406 Instruction*

Defense counsel requested the trial court instruct the jury with CALCRIM No. 3406, pertaining to mistake of fact. Counsel argued that the instruction should be given because when Belle stated she was not yet 14, "Garcia also responded with 'lol,' " and it was "very possible that the jury could consider that he didn't take that to be serious." Counsel pointed to "the surrounding circumstances and the fact this was on an adult dating site and they had been joking about her age and that her profile indicated she was an adult." The prosecutor argued the instruction should not be given as there was no substantial evidence that Garcia was mistaken as to Belle's age after she told him she was 13 years old.

The trial court refused to instruct the jury with CALCRIM No. 3406. The court found there was not substantial evidence presented to suggest Garcia had a reasonable belief, even if mistaken, that Belle was over the age of 14. The court explained that even though Skout was for those 18 and older, the messages between them showed that Belle told Garcia she was too young and not yet 18 before Garcia asked how old Belle was and if she was 16

years old.  The court noted that Garcia "actually guesses her age.  He doesn't say 17, he doesn't say 17 and a half.  Going off the photo, he says, ostensibly, reasonable inference, 16."  Belle responded she was almost 14 years old, and Garcia replied " 'Lol.  So why are you here cutie?' " before continuing on the conversation.  The court also noted that Belle talked about having to sneak away from her parents, being a virgin, not being allowed to have Snapchat, and having to be home by 9:00 p.m.

The court further reasoned that "[a]t no point does [Garcia] ever say, 'Are you really only 13?' 'Are you kidding?' . . . [¶] . . . 'You shouldn't be on here,' 'I shouldn't be talking to you,' nothing like that.  There is no evidence that's been presented that he had a mistake of understanding that she was only 13.  And in fact, even attempted to guess her age.  [¶]  So [the mistake of fact] instruction will not be given."

*Verdict and Sentencing*

The jury found Garcia guilty of meeting a minor under the age of 18 for lewd purposes (§ 288.4, subd. (b)).  In a bifurcated proceeding, the jury found true that the manner in which the crime was carried out indicated planning, sophistication, or professionalism (Cal. Rules of Court, rule 4.421(8)).

The jury was unable to reach a verdict as to the other two charges and a mistrial was declared as to those two counts.

On November 21, 2022, the trial court sentenced Garcia to the low term of two years in prison.  Garcia appealed.

**DISCUSSION**

Garcia contends the trial court erred by declining to instruct the jury as to mistake of fact under CALCRIM No. 3406.  He asserts substantial evidence supported his defense that he believed Belle was at least 18 years

old.  Reviewing this claim of instructional error de novo (*People v. Johnson* (2009) 180 Cal.App.4th 702, 707), we disagree and affirm.

As relevant here, section 288.4, subdivision (b) makes it a felony for a "person who, motivated by an unnatural or abnormal sexual interest in children, arranges a meeting with . . . a person he . . . believes to be a minor for the purpose of exposing his . . . genitals or pubic or rectal area, having the child expose his or her genitals or pubic or rectal area, or engaging in lewd or lascivious behavior," and "goes to the arranged meeting place at or about the arranged time."  (§ 288.4, subds. (a)(1) & (b).)  The offense contains a specific intent element, which "requires proof that, when he . . . arranged the meeting, the defendant intended to engage in sexual conduct with a person he . . . believed to be a child."  (*People v. Fromuth* (2016) 2 Cal.App.5th 91, 105–106.)

The mistake of fact defense is based on section 26, which provides that "[p]ersons who committed the act or made the omission charged under an ignorance or mistake of fact, which disproves any criminal intent," are not criminally liable for the act.  (§ 26, par. Three; *People v. Hanna* (2013) 218 Cal.App.4th 455, 461 (*Hanna*).)  The defense " 'requires, at a minimum, an actual belief "in the existence of circumstances, which, if true, would make the act with which the person is charged an innocent act . . . ." ' "  (*People v. Givan* (2015) 233 Cal.App.4th 335, 343.)  For specific intent crimes, such as section 288.4, subdivision (b), the mistaken belief must be actual, but not necessarily reasonable.  (See *ibid.*; see also *People v. Fromuth*, *supra*, 2 Cal.App.5th at pp. 105–106.)

Although a defendant has a right to a jury instruction that pinpoints the theory of the defense, the trial court may properly refuse an instruction offered by the defendant where it is not supported by substantial evidence.

(*People v. Burney* (2009) 47 Cal.4th 203, 246.)  Substantial evidence "means evidence of a defense, which, if believed, would be sufficient for a reasonable jury to find a reasonable doubt as to the defendant's guilt."  (*People v. Givan*, *supra*, 233 Cal.App.4th at pp. 343–344.)

Contrary to Garcia's contention, no reasonable juror could have found that he thought Belle was joking when she said she was " 'almost 14' " during their conversation.  Garcia's assertion rests on the fact that Belle's profile stated she was 18 years old and that, when she asked how old he was, he stated he was 44, but 11 " 'in dog years.' "  However, Belle immediately responded by saying that she was "too young" because she was "not actually 18"—contrary to what her profile stated.  At that point, Garcia stated he was joking about being 44 and asked how old Belle "actually" was before guessing that she was 16 years old.  In response, Belle clarified that she was "almost 14," after which Garcia proceeded with the conversation.  Hence, Belle made clear multiple times that she was under the age of 18, which Garcia understood, as evidenced by his unprompted guess that she was only 16 years old.  Nothing Belle said afterwards in any way indicated she was anything but "almost 14."

Garcia's reliance on *Hanna*, *supra*, 218 Cal.App.4th 455, is misplaced. In that case, the defendant communicated with someone who told him she was 13 and had lied about being 18 on her social media profile page.  (*Id.* at p. 462.)  The court concluded there was sufficient evidence for the jury to believe the defendant intended to have sexual relations with an 18-year-old because not only did the person with whom he talked online list her age as 18 on her profile, but defendant told the investigating officer that she also told him she was 18; in addition, she portrayed herself in their communications as "sexually experienced beyond her years" as she "had already had sex with

other older men, run out of her supply of condoms, and had even been pregnant." (*Ibid.*)

Here, by contrast, once Belle told Garcia she was under 14—a statement made close to the outset of their communication—she never indicated being any older. To the contrary, she provided several pieces of information that would only confirm her young age. Belle stated she was sexually inexperienced, a virgin worried about sex hurting and asking what lube looked like. She told Garcia she would have to sneak away from her parents to meet him, that she had to be home by 9:00 p.m. as her mom did not let her stay out late, that her parents did not let her have a Snapchat account, and that she was able to use Skout because her parents "luckily" did not know what it was. Unlike in *Hanna*, there were no indications in Garcia's conversation with Belle that would belie her age of under 14, nor any evidence that she was joking when she said she was almost 14. (Cf. *Hanna*, *supra*, 218 Cal.App.4th at p. 462.) A reasonable juror could not find that Garcia had a mistaken, actual belief that Belle was not a minor.

In sum, there was not substantial evidence to support Garcia's asserted defense that he believed Belle was at least 18 years old when he arranged to meet her. Accordingly, the trial court properly refused to instruct the jury on mistake of fact.[3] (See *People v. Burney*, *supra*, 47 Cal.4th at p. 246.)

## DISPOSITION

The judgment is affirmed.

---

[3] As a result, we do not reach Garcia's assertions that the alleged error deprived him of his constitutional rights or prejudiced him.

 

_____

PETROU, J.

WE CONCUR:

_____

FUJISAKI, ACTING P. J.

_____

RODRÍGUEZ, J.

_People v. Garcia_/A166695